**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MELISSA J. SINNI,**

        **Plaintiff,**

**-vs-**                        **Case No. 6:08-cv-1787-Orl-31KRS**

**AARON P. CULLEN, ABSOLUTELY**
**MASSAGE, INC., and SCOTTSDALE**
**INSURANCE COMPANY,**

        **Defendants.**

_____

## ORDER

This matter came before the Court without oral argument upon consideration of Plaintiff's, Melissa J. Sinni ("Plaintiff"), Motion to Remand (Doc. 15) and Defendant's, Scottsdale Insurance Company ("Scottsdale"), response in opposition thereto (Doc. 18).

**I. Background**

This removal case arises out of a slip-and-fall suit originally brought by Plaintiff in State Court against Defendants Aaron P. Cullen ("Cullen") and Absolutely Massage, Inc. ("Absolutely Massage"). On May 8, 2008, Plaintiff, Cullen and Absolutely Massage entered into a settlement and assignment agreement (Doc. 18-2), pursuant to which the parties agreed that final judgment would be entered in favor of the Plaintiff in the amount of $300,000.00. The parties also agreed, however, that Plaintiff would not record the judgment or attempt to execute same against Cullen and Absolutely Massage. Instead, Cullen and Absolutely Massage assigned to Plaintiff all rights in the liability insurance policy which they held with Scottsdale so that Plaintiff could collect her

judgment from Scottsdale. Only after she had entered into the assignment and settlement agreement did Plaintiff amend her Complaint to state a claim against Scottsdale.[1] Once served with the Amended Complaint, Scottsdale timely removed the action to this Court.

The parties agree that Plaintiff, Cullen and Absolutely Massage are citizens of Florida. Scottsdale is a citizen of Arizona and Ohio. As evidenced by the settlement and assignment agreement, the amount in controversy in this case clearly exceeds $75,000.00. Plaintiff, however, contends that removal is improper in this case because Scottsdale failed to obtain the consent of Cullen and Absolutely Massage pursuant to 28 U.S.C. § 1446(b).

**II. Analysis**

Upon a thorough review of the entire record in this case, including, in particular, the settlement and assignment agreement (Doc. 18-2), the Court finds that Scottsdale's removal was proper. The "settlement" and assignment agreement entered into by Plaintiff, Cullen and Absolutely Massage remove the latter two as parties in interest. The only remaining real parties in interest in this case are Plaintiff and Scottsdale. Once realigned, Scottsdale is the only proper Defendant in this action. Thus, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332.

Finally, Plaintiff's contention that, notwithstanding the misalignment of parties, Scottsdale was still required to obtain Cullen and Absolutely Massage's consent prior to removal, is wholly

---

[1] Indeed, it would have been improper under Florida law for Plaintiff to have sued Scottsdale prior to obtaining a settlement or verdict against Cullen and/or Absolutely Massage. *See* § 627.4136 FLA. STAT. ANN. (West 2008).

without merit. Inasmuch as Cullen and Absolutely Massage are not proper Defendants, there was simply no need for Scottsdale to secure their consent prior to removal.

For the foregoing reasons, Plaintiff's Motion to Remand (Doc. 15) is **DENIED**. The Court retains subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 14, 2008.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE