**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MELISSA J. SINNI,**

        **Plaintiff,**

**-vs-**                                                             **Case No. 6:08-cv-1787-Orl-31KRS**

**AARON P. CULLEN, ABSOLUTELY**
**MASSAGE, INC., and SCOTTSDALE**
**INSURANCE COMPANY,**

        **Defendants.**

_____

# ORDER

This matter came before the Court without oral argument upon consideration of the Motion to Dismiss Counterclaim (Doc. 36) filed by Aaron P. Cullen ("Cullen") and Absolutely Massage, Inc. ("Absolutely Massage") and the response in opposition thereto filed by Defendant-Counterclaimant Scottsdale Insurance Company ("Scottsdale") (Doc. 41).

## I. Overview

### A. Procedural Posture

This case arises out of slip-and-fall suit originally brought by Plaintiff, Melissa J. Sinni ("Plaintiff"), in state court against Cullen and Absolutely Massage. On May 8, 2008, Plaintiff, Cullen and Absolutely Massage entered into a settlement and assignment agreement (Doc. 18-2). Pursuant to the settlement agreement, the parties agreed that final judgment would be entered in favor of the Plaintiff and against Cullen and Absolutely Massage in the amount of $300,000.00. The parties also agreed, however, that Plaintiff would not record the judgment or attempt to

execute same against Cullen and Absolutely Massage (Doc. 8-7 at 2-3). Instead, Cullen and Absolutely Massage assigned to Plaintiff all rights in the liability insurance policy that they held with their insurer, Defendant Scottsdale, so that Plaintiff could collect her judgment from Scottsdale. In short, Plaintiff, Cullen, and Absolutely Massage appear to have entered into a *Coblentz* agreement.[1]

After entering into the settlement agreement, Plaintiff amended her Complaint to state a claim against Scottsdale. Scottsdale timely removed the action to this Court. Plaintiff thereafter filed a Motion to Remand (Doc. 15), which the Court subsequently denied (Doc. 19). In denying Plaintiff's Motion to Remand, the Court realigned the parties and found that the "only remaining real parties in interest in this case are Plaintiff and Scottsdale" and that once realigned, "Scottsdale is the only proper Defendant in this action" (Doc. 19 at 2).[2] Accordingly, the Court determined that it had jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

### B. Defendant Scottsdale's Counterclaim Against Plaintiff, Cullen and Absolutely Massage

In its Counterclaim, Defendant Scottsdale seeks a declaratory judgment against Plaintiff, Cullen and Absolutely Massage to determine the rights and obligations of the parties under the

---

[1] Where an insurer has refused to handle its insured's defense, the insurer may be bound by the terms of a negotiated final consent judgment entered against its insured. *See generally Coblentz v. Am. Surety Co. of N.Y.*, 416 F.2d 1059 (5th Cir. 1969); *see also*, *e.g.*, *Monticello Ins. Co. v. City of Miami Beach*, 2008 WL 906537 (S.D. Fla. April 3, 2008). To recover under a *Coblentz* agreement, the injured party must prove: (1) coverage; (2) wrongful refusal to defend; and (3) that the settlement was reasonable and made in good faith. *Chomat v. N. Ins. Co. of N.Y.*, 919 So. 2d 535, 537 (Fla. 3d DCA 2006) (citations omitted).

[2] Indeed, pursuant to the terms of the settlement agreement, the parties agreed that Cullen and Absolutely Massage would be entitled to a full release and satisfaction of all of Plaintiff's claims regardless of the outcome of any litigation between Plaintiff and Scottsdale (*see* Doc. 8-7 at 2-3).

policy of insurance (Doc. 14, ¶ 38). More specifically, Scottsdale alleges that there was no coverage for Plaintiff's alleged injuries, that Scottsdale had no duty to defend or indemnify Cullen or Absolutely Massage, and that Cullen and Absolutely Massage refused to provide timely notice of Plaintiff's claim against them or cooperate with Scottsdale in preparing a defense.

### C. Cullend and Absolutely Massage's Motion to Dismiss

In their instant Motion to Dismiss, Cullen and Absolutely Massage move this Court to dismiss the counterclaim filed by Defendant Scottsdale. Having assigned all their rights and claims under the policy of insurance with Scottsdale to Plaintiff, Cullen and Absolutely Massage contend that they are no longer proper parties to the instant dispute (Doc. 36 at 2). Furthermore, Cullen and Absolutely Massage argue that they there not named as parties in Plaintiff's Amended Complaint (which was filed in state court prior to Scottsdale's removal) and that the Court therefore lacks personal jurisdiction.

## II. Standard of Review

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see*, *e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 1965.

**III. Analysis**

In its response in opposition to Cullen and Absolutely Massage's Motion to Dismiss, Scottsdale contends, *inter alia*, that the motion is untimely,[3] that the settlement agreement specifically states that Plaintiff's claims against Cullen and Absolutely Massage will not be released until the conclusion of all litigation against Scottsdale, and that Cullen and Absolutely Massage are necessary and indispensable parties (Doc. 41 at 3-5).

Upon review, the Court agrees that Cullen and Absolutely Massage's Motion to Dismiss is untimely. Nonetheless, it is clear that Cullen and Absolutely Massage no longer have any interest in the instant litigation. Regardless of whether Plaintiff prevails on her instant claim against

---

[3] Scottsdale filed its Counterclaim on October 30, 2008 (Doc. 14). Cullen and Absolutely Massage filed their Motion to Dismiss approximately six months later, on March 31, 2009 (Doc. 36).

Scottsdale, Cullen and Absolutely Massage have received a complete release and satisfaction of all of Plaintiff's claims. It is of no moment that the release and satisfaction will not take effect until the conclusion of the instant litigation. Furthermore, while Cullen and Absolutely Massage will likely be subject to discovery concerning the existence of coverage, Scottsdale's allegedly wrongful refusal to defend, and the reasonableness and good faith of the settlement agreement, Cullen and Absolutely Massage are clearly not necessary and indispensable parties on the facts presently alleged in the Amended Complaint and Scottsdale's Counterclaim. *See*, *e.g.*, FED. R. CIV. P. 19. Indeed, contrary to Scottsdale's assertion that "Cullen and Absolutely Massage may face personal liability for the" $300,000.00 consent judgment (Doc. 41 at 6), the settlement agreement specifically provides that "Plaintiff will not at *any time* record said final judgment against [Cullen and Absolutely Massage], or make any attempt to satisfy the above-described final judgment" (Doc. 8-7 at 2) (emphasis added). Win or lose, then, Plaintiff has agreed that she will never seek recourse from Cullen or Absolutely Massage. Accordingly, Cullen and Absolutely Massage have no interest in the outcome of the instant litigation and whatever relief the Court may or may not afford will have no effect on the rights or obligations of Cullen or Absolutely Massage.

**IV. Conclusion**

For the foregoing reasons, it is **ORDERED** that the Motion to Dismiss Counterclaim (Doc. 36) filed by Aaron P. Cullen and Absolutely Massage, Inc. is **GRANTED**. It is **FURTHER ORDERED** that the Order to Show Cause (Doc. 35) is hereby **DISCHARGED**.

The Clerk of the Court is directed to terminate parties Aaron P. Cullen and Absolutely Massage, Inc. from all further proceedings in this case.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 20, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE